## Shepp, Appellant, *v.* Reading Belt Railroad.

*Railroads—Eminent domain—Road—Damages.*

Where a railroad company takes a strip of land through a farm and the owner has no access from one part to the other, except by a public road at the end of his property, the jury in assessing the damages cannot take into consideration, as against the landowner's claim for damages, the fact that the railroad has a viaduct upon the farm under which there is a passageway for wagons, where it appears that such passageway was in the exclusive possession of the company and could be closed at any time.

Argued Feb. 27, 1905.   Appeal, No. 86, Jan. T., 1904, by plaintiff, from judgment of C. P. Berks Co., Feb. T., 1902, No. 35, on verdict for plaintiff in case of John Shepp v. Reading Belt Railroad.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.   Reversed.

Appeal from award of jury of view.   Before ENDLICH, J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was answer to plaintiff's first and second point, quoted in the opinion of the Supreme Court.

*Cyrus G. Derr*, with him *Ira G. Kutz*, for appellant.—The damages for land appropriated by a railroad company, under the general railroad laws, must be assessed upon the basis of the rights which the landowner loses, and which the railroad company acquires, and of the depreciation of market value of the entire tract of land resulting from such loss of right by the landowner and acquisition of right by the railroad company : Pa. Schuylkill Valley R. R. Co. v. Paper Mills, 149 Pa. 18 ; Pittsburg, etc., Ry. Co. v. McCloskey, 110 Pa. 436.

*Jefferson Snyder*, of *Snyder & Zieber*, for appellee, cited: Earle v. Arbogast, 180 Pa. 409 ; P. & R. R. R. Co., v. Getz, 113 Pa. 214 ; Fox v. Fox, 96 Pa. 60 ; Mineral R. R. Mining Co. v. Auten, 188 Pa. 568.

OPINION BY MR. JUSTICE ELKIN, April 10, 1905 :

The appellee under the power of eminent domain condemned certain lands belonging to the appellant to be used as a right of way on which to construct a railroad.   The parties not being able to agree as to the value of the lands appropriated, viewers were appointed for the purpose of assessing damages.   The viewers filed their report in the customary way and fixed the damages to the plaintiff at $3,986.   The defendant appealed from the report of the viewers.   Upon petition, the court directed the form of issue and ordered a jury trial.   The jury returned a verdict in favor of the plaintiff for $1,950.53.   Judgment having been entered on the verdict, the appellant took this appeal.

At the trial the plaintiff submitted the following points, and asked the court to affirm the same for the consideration of the jury:

1. The interest which the defendant company has acquired in the land of the plaintiff described in the petition embraces a right to the exclusive possession of the surface of the land, and there is left in the plaintiff and his successors in title no right to cross from one side of the railroad to the other on the lands so described, excepting upon the public road known as River road, with this qualification, that where there is no public road crossing the railroad the landowner is entitled to a private crossing.

2. Where a public road crosses a railroad a person owning land through which said public road passes is not entitled to require the railroad to erect or keep in repair any crossing for the accommodation of the occupant of the land.

The court below in its instructions to the jury answered these points as follows: "The above points are affirmed with the qualification that whilst it is true as an abstract proposition that the company, having condemned the entire strip down to the River road, has a right to fill it up if it wants to, and to prevent plaintiff from crossing over it; that it pays for the whole; that whatever it pays will be payment for the whole, and that its right is an exclusive one; the jury must also consider what the construction of the company indicates as its purpose in permitting or not permitting plaintiff to use the open space as a means for getting around from one part of the ground to the other, and what it has done in the past in that particular, and whether it is at all likely, in view of all this, that this arrangement will be disturbed in the future."

The appellant contends that he was entitled to an unqualified affirmance of the two points submitted. In this he is clearly right. The points correctly stated the law in reference to this matter, and the court should have affirmed them without qualification. The only question, therefore, for the consideration of this court is whether injury was done the plaintiff by reason of the failure of the court to affirm these points without qualification. If injury was done the appellant by the error, the case should be reversed. What are the facts?

The plaintiff owned a tract of land. The defendant appro-

priated a strip of said land for use as a railroad right of way. This right of way divided the lands of appellant into two parts, leaving one parcel on one side and one on the other. To reach his land on one side of the right of way the plaintiff will be required to go to a public road at the end of his property, drive along that road, cross over the railroad, and then drive back again over that portion of his land in order to reach his buildings. This condition of things would make it necessary to grade a road from his land on one side of the railroad down to the public road which lies at a lower level, and on the other side grade a road from the public road up to his land lying at a higher elevation. He would therefore lose the use of the land taken for private roads, and be at the expense of making and maintaining these roads, besides suffering inconvenience from driving down and up steep grades. The points submitted were intended to give the counsel for appellant the opportunity of discussing the exact situation to the jury. It appears, however, that the company had constructed for its own uses a viaduct supported by abutments on the lands of the plaintiff, the opening under same making a passageway through which plaintiff could drive from his lands on one side to those on the other side of the railroad. His tenant had made use of this passageway occasionally as a convenience in crossing the right of way. The qualification made by the learned court was intended to point out the fact that the plaintiff might be permitted to go under this viaduct from time to time by the defendant and if so, the inconvenience suggested by the appellant's points would not be very great. In this view there was manifest error. The railroad had the exclusive use and enjoyment of the right of way and could at any time refuse to permit the appellant or any other person the use of the passageway under the viaduct for any purpose whatever. The fact that the tenant of the plaintiff had sometimes made use of it has no bearing on the case. The appellee had the exclusive possession of the strip of land condemned, and the appellant or his tenant would be a trespasser if he attempted to use the same. He was, therefore, clearly entitled to have the law applicable thereto specifically brought to the attention of the jury. The court by its qualified affirmance of the points submitted has denied him this right. In view of the fact that the jury rendered a verdict for

only one half of the amount of damages reported by the viewers, and less than the lowest amount fixed by the witnesses of defendant, we cannot say that no injury was done the plaintiff by the erroneous ruling of the court. This being our view of the law it is unnecessary to discuss the remaining specifications of error.

Judgment reversed with a venire de novo.